### HENRY TROWBRIDGE *vs.* LOREN BOSWORTH.

The plaintiff was pound-keeper and held the cattle of the defendant in the pound. While so held they were let out by some person unknown, without complicity on the part of the defendant, and returned to the defendant's enclosure. The plaintiff sent notice to the defendant that the cattle had been illegally returned to his enclosure but did not demand them or go for them. The cattle not being returned to the pound the plaintiff brought replevin for them. Held that the defendant was not in the position of a wrong-doer, and was not liable to the action until demand had been made upon him and he had refused to give up the cattle or to allow the plaintiff to enter his enclosure and take them.

REPLEVIN for cattle claimed to be unlawfully detained; brought to the Superior Court in Windham County, and tried

to the court on the general issue before *Culver*, *J.* The court made a special finding of the facts, and rendered judgment for the defendant. The plaintiff thereupon filed a motion in error, and brought the record before this court.

The facts found in the next preceding case are those of the present case so far as applicable, with the further fact that the plaintiff in the present case made no demand upon the defendant for the cattle after they had escaped from the pound and returned to his enclosure, or for the privilege of entering his enclosure to take them, and that the defendant had never refused either to give them up or to allow the plaintiff to enter and take them.

*G. W. Phillips* and *H. Johnson*, for the plaintiff.

*J. J. Penrose*, for the defendant.

PARDEE, J. Trowbridge was the lawfully appointed keeper of a pound in the town of Eastford on the 17th day of June, 1876; on that day two haywards of that town took nine cattle belonging to Bosworth, which were running at large in the highway, and delivered them to Trowbridge to be impounded; of this Bosworth had notice within twenty-four hours. Trowbridge kept the cattle in the pound, feeding them at his own expense, until the night of the 22d day of June, when some person, without the knowledge of Bosworth or Trowbridge, illegally broke down the gate of the pound, and the cattle escaped therefrom and returned into Bosworth's enclosure, where Trowbridge found them on the next morning; at that time and place he notified Bosworth that some one had wrongfully suffered them to escape from the pound, and that no one had paid or tendered to him the poundage fees or expenses; and on the 24th day of June he prayed out his writ of replevin, and by virtue thereof the cattle were taken from the enclosure of Bosworth and placed in his own possession, where they remained until the 10th day of July, when Bosworth in turn prayed out a writ of replevin, and by virtue thereof the cattle were placed in his possession, where they have since remained.

The statute compels pound-keepers to receive and keep all cattle lawfully brought to the pound, and provide food and water for them, and declares that the owner shall not redeem or replevy them out of the pound until he has paid the poundage fees and expenses. When therefore the haywards, as agents of and in obedience to the law, brought these cattle to the pound, and Trowbridge in compliance with the same statute had fed them at his own expense four days after Bosworth knew that they were in legal custody and that they were thus being provided for, he had as against Bosworth a lien upon the cattle for his expenses as well founded as if Bosworth had brought them to him and had requested him to feed them. And, after the cattle had been forcibly and illegally taken from the pound and from the possession of Trowbridge as keeper, his right to a lien would authorize him to demand and have a return of them to the pound, to be there detained subject to his lien until released by some legal method. The forcible removal would not of necessity terminate the keeper's right to the possession of or lien upon them; would not of necessity invest Bosworth with such a present absolute legal right to them as would justify him in detaining them after due demand from Trowbridge. But the finding does not show, either that Trowbridge asked Bosworth to re-deliver the cattle to him or for permission to enter his enclosure and take them. He merely notified him that they had been illegally returned to his enclosure by the act of some unknown person. This notice did not make it the duty of Bosworth to take any initiatory step in the matter of returning them to the pound; he had a right to receive the notice in silence; the presence of the cattle in his enclosure was the continuing act of the unknown wrong-doer, for which Bosworth did not become responsible until he had refused permission to Trowbridge to have possession of them. Bosworth, therefore, as a matter of law did not detain the cattle, and the fact that they were within the lines of his enclosure under the circumstances herein detailed did not relieve Trowbridge from the duty of making a demand for, or a request for permission to enter and take them, as a foundation for his writ of replevin. Pre-

sumably the request would have been granted, and Bosworth is not to be burdened with the expense of defending this writ until he has placed himself in the wrong by a refusal.

There is no error in the judgment complained of.

In this opinion the other judges concurred.